IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 13-298 |
| ASIA M. HARRIS | UNDER SEAL |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Margaret E. Picking, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a two-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT CHARGED |
|---|---|---|---|
| 1 | False Statement During Purchase of a Firearm, on or about August 16, 2011 | 18 U.S.C. § 922(a)(6) | Asia M. Harris |
| 2 | Aiding and Abetting the Possession of a Firearm by a Convicted Felon, from on or about August 16, 2011 to October 16, 2013 | 18 U.S.C. §§ 922(g)(1) and 2(a) | Asia M. Harris |

### II. ELEMENTS OF THE OFFENSE

**A. As to Count 1:** In order for the crime of False Statement During Purchase of a Firearm, in violation of 18

U.S.C. § 922(a)(6), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That Gander Mountain was a licensed dealer;

2. That ASIA M. HARRIS made a false statement while acquiring a firearm from Gander Mountain;

3. That ASIA M. HARRIS knew that the statement was false; and

4. That the false statement was intended or likely to deceive Gander Mountain with respect to any fact material to the lawfulness of the sale of the firearm.

Third Circuit Model Criminal Jury Instruction 6.18.922A.

**B. As to Count 2:** In order for the crime of Aiding and Abetting the Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That ASIA M. HARRIS aided and abetted another individual, who was convicted of a crime punishable by imprisonment for a term exceeding one year, in the possession of the firearm charged in the Indictment.

> United States v. Gillies, 851 F.2d 492, 493-494 (1st Cir. 1988); United States v. Lowe, 860 F.2d 1370 (7th Cir. 1988) n. 4.

2. That ASIA M. HARRIS acted knowingly.

2

3. The firearm was possessed in or affecting interstate commerce.

United States v. Gillies, 851 F.2d 492, 493-494 (1st Cir. 1988); United States v. Lowe, 860 F.2d 1370 (7th Cir. 1988) n. 4.

## III. **PENALTIES**

**A. As to Count 1: False Statement During Purchase of a Firearm (18 U.S.C. § 922(a)(6)):**

1. Individuals - The maximum penalties for individuals are: (as to each count)

(a) A term of imprisonment of not more than ten (10) years;

(b) A fine of $250,000 (18 U.S.C. § 3571(b)(3));

(c) A term of supervised release of not more than three (3) years (18 U.S.C. § 3583); and

(d) Any or all of the above.

**B. As to Count 2: Aiding and Abetting the Possession of a Firearm by a Convicted Felon (18 U.S.C. §§ 922(g)(1) and 2(a)):**

1. A term of imprisonment of not more than ten (10) years.

2. A fine of not more than $250,000.

3. A term of supervised release of three (3) years.

4. Forfeiture pursuant to Title 18, United States Code, Section 924(d)(1).

5. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the indictment, forfeiture may be applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

*[signature]*
MARGARET E. PICKING
Assistant U.S. Attorney
PA ID No. 28942